ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| RAMÓN ARROYO MONTALVO,<br><br>Apelante,<br><br>v.<br><br>NEGOCIADO DE LA POLICÍA DE PUERTO RICO; NEGOCIADO DE LICENCIAS E INSPECCIÓN DE ARMAS DE FUEGO,<br><br>Apelada. | TA2026AP00118 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Utuado.<br><br>Civil núm.: UT2025CV00519.<br><br>Sobre: revisión administrativa. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 26 de febrero de 2026.

El 5 de febrero de 2026, el señor Ramón Arroyo Montalvo (señor Arroyo Montalvo) presentó este recurso con el fin de que revoquemos la *Sentencia* emitida y notificada el 26 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Utuado. Mediante el referido dictamen, el foro primario desestimó la demanda o solicitud de revisión administrativa[1] instada por el señor Arroyo Montalvo.

Por los fundamentos expuestos a continuación, **confirmamos** la *Sentencia* apelada.

I

Surge de las alegaciones de la demanda presentada el 30 de octubre de 2025, que, allá para el 15 de noviembre de 2023, el señor Arroyo Montalvo presentó una solicitud al amparo de la *Ley para autorizar a la Policía de Puerto Rico la expedición de certificados de antecedentes penales,* Ley Núm. 254 de 27 de julio de 1974, según enmendada, 34 LPRA

---

[1] Tomamos en consideración los recursos sometidos y que constan en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC), tanto del Tribunal de Primera Instancia (TPI) como del Tribunal de Apelaciones (TA).

sec. 1725-1725e (Ley Núm. 254-1974), para que se eliminasen los antecedentes penales que surgían del certificado correspondiente[2].

Posteriormente, el 17 de junio de 2024, el señor Arroyo Montalvo sometió una solicitud de licencia de armas ante el Negociado de la Policía de Puerto Rico (Negociado)[3]. Mediante la carta del 12 de septiembre de 2025, el Negociado denegó la solicitud por entender que el solicitante no cumplía con los requisitos establecidos en los Arts. 2.02(d)(3) y 2.09 de la *Ley de Armas de Puerto Rico de 2020*, Ley Núm. 168 de 11 de diciembre de 2019, según enmendada, 25 LPRA sec. 462a y 462h (Ley Núm. 168-2019)[4]. Como parte del proceso de evaluación, **el Negociado efectuó una verificación en los archivos digitales de huellas dactilares e identificó que el señor Arroyo Montalvo contaba con convicciones previas por delito grave**[5].

En desacuerdo con dicha determinación, el 30 de septiembre de 2025, el señor Arroyo Montalvo presentó una solicitud de reconsideración ante el Negociado. Sostuvo que el foro primario había recalificado el delito cometido como uno menos grave, por lo que, a su juicio, no existía impedimento legal para la expedición de la licencia solicitada[6].

Transcurrido el término de quince (15) días sin que la agencia emitiera una repuesta, el 30 de octubre de 2025, el señor Arroyo Montalvo acudió al Tribunal de Primera Instancia. En su recurso, solicitó al tribunal que tomara conocimiento de la inacción administrativa y ordenara al Negociado a emitir una determinación final o, en la alternativa, que se dejara sin efecto la denegatoria y se ordenara la expedición de la licencia de armas[7].

---

[2] Entrada 27 de SUMAC TPI, anejo 3.

[3] *Íd.*, entrada 1.

[4] *Íd.,* anejo 2.

[5] *Íd.*

[6] *Íd.,* anejo 4.

[7] Entrada 1 de SUMAC TPI.

Tras varias incidencias procesales, que no resulta necesario pormenorizar, el 9 de enero de 2026, el Estado Libre Asociado de Puerto Rico (ELA), en representación del Negociado, presentó una moción de sentencia sumaria[8]. El ELA sostuvo que no existía controversia real sobre hechos materiales, pues era un hecho cierto que el señor Arroyo Montalvo había sido convicto mediante la sentencia dictada el 30 de junio de 1998[9], por infringir el Art. 7 de la Ley Núm.17 de 19 de enero de 1951, derogada, conocida como *Ley de Armas de Puerto Rico*[10]. Asimismo, señaló que, posteriormente, mediante la sentencia dictada el 27 de marzo de 2002[11], el señor Arroyo Montalvo se declaró culpable de infringir, en su modalidad de tentativa, el Art. 2.8 de la *Ley para la Prevención e Intervención con la Violencia Doméstica*, Ley Núm. 54 de 15 de agosto de 1989, según enmendada, 8 LPRA sec. 628 (Ley Núm. 54)[12].

El ELA argumentó que, conforme al Art. 2.09 de la Ley de Armas de Puerto Rico, una convicción por conducta constitutiva de violencia doméstica y una convicción por una violación a la Ley de Armas vigente o a la anterior, impiden la expedición de una licencia de armas, con independencia de que el delito se clasifique como grave o menos grave. Por ello, sostuvo que, al no existir controversia real sobre los hechos materiales del caso, procedía dictar sentencia sumariamente[13].

El 16 de enero de 2026, el señor Arroyo Montalvo presentó su moción en contestación a moción de sentencia sumaria. Alegó que la denegatoria de su licencia de armas era improcedente y contraria a derecho, por estar fundamentada en convicciones ocurridas hacía más de veinticuatro (24) años, respecto de las cuales cumplió sentencia y cuyos

---

[8] Entrada 27 SUMAC TPI.

[9] *Véase*, el caso CLA1998G0085, entrada 1 de SUMAC TA, anejo 1.

[10] Ley Núm. 168-2019, intitulada *Ley de Armas de Puerto Rico de 2020*, 25 LPRA sec. 461-467l.

[11] *Véase*, el caso LLE2002G0036, entrada 1 de SUMAC TA, anejo 2.

[12] Entrada 1 de SUMAC TA, anejo 2.

[13] Entrada 27 de SUMAC TPI.

antecedentes penales fueron eliminados conforme a la ley. Sostuvo, además, que la aplicación automática de la Ley de Armas, sin un análisis individualizado, vulneraba su derecho a un debido proceso de ley y sus derechos constitucionales consagrados en la Segunda Enmienda de la Constitución de los EE.UU. Añadió que la determinación del Negociado obviaba su conducta posterior y le colocaba en una situación de vulnerabilidad[14].

Posteriormente, el 20 de enero de 2026, el señor Arroyo Montalvo presentó una moción para enmendar su oposición, en la que reiteró que la denegatoria era ilegal por basarse en convicciones menos graves cuyos antecedentes habían sido eliminados. Además, alegó que el Negociado había actuado de manera *ultra vires* al utilizar dicha información en violación del Art. 4 de la Ley Núm. 56-2024[15]. Es importante destacar que el apelante no acompañó anejo alguno a sus escritos en oposición.

El 26 de enero de 2026, el Tribunal de Primera Instancia emitió su sentencia y consignó las siguientes determinaciones de hechos:

1. Ramón Arroyo Montalvo fue convicto en Puerto Rico por un (1) delito de violación al Art 7 (grave) de la Ley 17 de 19 de enero de 1951, "Ley de Armas de Puerto Rico", caso número CLA1998G0085, sentencia de 30 de junio de 1998; y por un (1) delito de violación al 2.8 (tentativa) de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada "Ley para la Prevención e Intervención con la Violencia Doméstica", caso número LLE2002G0036, sentencia de 27 de marzo de 2002[16].

2. El demandante llevó a cabo el procedimiento para eliminar convicciones previas a tenor con lo dispuesto en la Ley Núm. 254 de 27 de julio de 1974, según enmendada. Dicha petición fue declarada Con Lugar[17].

3. El 15 de noviembre de 2023, se radicó ante el Tribunal de Primera Instancia, Sala Superior de Utuado, el caso número UT2023CV00528, sobre petición para la eliminación de récord criminal a tenor con lo dispuesto por la Ley Núm. 254 de 27 de julio de 1974, según enmendada[18].

---

[14] Entrada 30 de SUMAC TPI.

[15] Entrada 32 de SUMAC TPI.

[16] Entrada 27 de SUMAC TPI, anejo 1 y 2.

[17] *Íd.*, anejo 3.

[18] *Íd.*

4. El 2 de febrero de 2024, el Tribunal de Primera Instancia, dictó Resolución, declarando con lugar la petición de eliminación de récord criminal del demandante[19].

5. El demandante posee un Certificado Negativo de Antecedentes Penales[20].

6. El 17 de junio de 2024, Ramón Arroyo Montalvo solicitó licencia de armas ante el NPPR a tenor con la Ley 168-2019, según enmendada conocida como la "Ley de Armas de Puerto Rico de 2020"[21].

7. Una investigación en los archivos digitales del NPPR reflejo convicciones de delitos por violaciones a la Ley de Armas[22].

8. El Negociado de la Policía de Puerto Rico (NPPR) notificó al demandante una carta con fecha del 12 de septiembre de 2025, mediante la cual se le deniega su solicitud de licencia de armas, bajo el fundamento de que basado en el Art. 2.02(d)(3) y el 2.09, este no cumple con los requisitos establecidos en Ley, debido a una búsqueda en los Sistemas de Huellas la misma reflejó convicción de delito grave[23].

9. Oportunamente, el compareciente presentó ante el NPPR un escrito en solicitud de reconsideración conforme el Art. 2.02(d)(4) de la Ley 168-2019, fundamentado en que no existía razón legal alguna para denegar la licencia al peticionario porque el Tribunal de Primera Instancia reclasificó el delito a uno menos grave[24].

10. Una vez presentada la solicitud de reconsideración ante el NPPR, transcurrieron en exceso los 15 días dispuestos en el Art. 2.02(d)(4) de la Ley 168-2019 para que la agencia atendiera la misma[25].

11. La agencia (NPPR) no emitió determinación ni se expresó en cuanto a la solicitud de reconsideración. Por tal razón el demandante presentó el presente recurso de revisión administrativa[26].

El Tribunal de Primera Instancia determinó que la controversia planteada por el señor Arroyo Montalvo era sustancialmente de derecho y que no existía controversia real sobre hechos materiales que impidiera su

---

[19] Entrada 27 de SUMAC TPI, anejo 3.

[20] *Íd.*, anejo 4.

[21] Entrada 1 de SUMAC TPI, anejo 2.

[22] *Íd.*

[23] Entrada 27 de SUMAC TPI, anejo 6.

[24] *Íd.*, anejo 7.

[25] Entrada 1 de SUMAC TPI.

[26] *Íd.*

resolución por la vía sumaria. En consecuencia, el foro primario desestimó sumariamente la demanda, mediante la *Sentencia* apelada.

Inconforme con la referida determinación, el 5 de febrero de 2026, el señor Arroyo Montalvo presentó el presente recurso, en el cual imputó al Tribunal de Primera Instancia los siguientes errores:

> Erró el Tribunal al permitir que el Negociado utilizara antecedentes penales eliminados conforme a ley, en violación del Art. 4 de la Ley Núm. 56-2024 y los derechos Constitucionales del Estado Libre Asociado de Puerto Rico.
>
> Erró el Tribunal al validar una aplicación automática de la Ley de Armas sin análisis individualizado, violando el debido proceso de ley.
>
> Erró el Tribunal al no reconocer que la convicción fue reclasificada como delito menos grave y que la Ley 168-2019 solo impide licencias por delitos graves.
>
> Erró el Tribunal al dar mayor peso a bases de datos administrativas que al récord judicial oficial.

Conforme ordenado, el 25 de febrero de 2026, el ELA, por conducto de la Oficina del Procurador General, presentó su alegato en oposición. En los méritos, reiteró los argumentos planteados previamente por el Negociado de la Policía y solicitó, además, la desestimación del recurso por incumplimiento con los requisitos de forma del recurso apelativo, según se dispone en el Reglamento del Tribunal de Apelaciones. Evaluada la solicitud de desestimación, esta se declara **sin lugar**[27].

Examinados los escritos de las partes, así como la *Sentencia* recurrida, resolvemos.

II

A

La Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, establece que una moción de sentencia sumaria debe estar fundada en declaraciones juradas, o por aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. En su

---

[27] La Regla 2(3) del Reglamento de este Tribunal, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 1, 215 DPR ___ (2025), nos impone la obligación de atender en los méritos las controversias judiciales traídas ante nuestra consideración, y nos conmina a no desestimar un recurso por defectos de forma o de notificación que no afecten los derechos de las partes.

consecuencia, podrá dictarse sentencia sumaria cuando no exista ninguna controversia real sobre los hechos materiales y esenciales del caso y, además, si el derecho aplicable lo justifica. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013).

Un hecho material "es aquel que tiene un impacto sobre el resultado de la reclamación según el derecho sustantivo aplicable". *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). A su vez, la controversia relacionada a un hecho material debe ser real, "por lo que cualquier duda es insuficiente para derrotar una Solicitud de Sentencia Sumaria". *Ramos Pérez v. Univisión*, 178 DPR, a las págs. 213-214.

De otra parte, al evaluar la solicitud de sentencia sumaria, "se tendrán como ciertos los hechos no controvertidos que consten en los documentos y las declaraciones juradas ofrecidas por la parte promovente". *Piñero v. A.A.A.*, 146 DPR 890, 904 (1998).

Con relación a los hechos relevantes sobre los cuales se plantea la inexistencia de una controversia sustancial, la parte promovente "está obligada a desglosarlos en párrafos debidamente enumerados y, para cada uno de ellos, especificar la página o el párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR, a la pág. 432. Por su lado, la parte promovida tiene el deber de refutar los hechos alegados, con prueba que controvierta la exposición de la parte que solicita la sentencia sumaria. *López v. Miranda*, 166 DPR 546, 563 (2005).

A esos efectos, procede que se dicte sentencia sumaria únicamente cuando de "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente, y, además, si el derecho aplicable así lo justifica". *Oriental Bank v. Caballero García*, 212 DPR 671 (2023). Cumplidos estos requisitos, resulta innecesaria la celebración de

un juicio, pues únicamente resta aplicar el derecho a los hechos no controvertidos. *Íd.*

En sentido contrario, no procede resolver un caso por la vía sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hay alegaciones alternativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o, (4) como cuestión de derecho, no procede. *Echandi v. Stewart Title Guaranty Co.*, 174 DPR 355, 368 (2008).

B

La Segunda Enmienda de la Constitución Federal, Emda. II, Const. EE.UU., LPRA, Tomo 1, consagra el derecho a portar armas. Esta protección constitucional se extendió a los estados de la Unión y demás territorios. No obstante, **este derecho no es absoluto**. *McDonald v. City of Chicago*, 561 US 742, 786 (2010); *District of Columbia v. Heller*, 554 US 570, 626 (2008).

El Estado tiene la facultad para regular la posesión, portación y venta de armas con el fin de velar por la seguridad y bienestar público. *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 37 (2018). Al respecto, el Tribunal Supremo de Puerto Rico expresó:

> […] Al interpretar esa disposición, el Tribunal Supremo de Estados Unidos ha expresado que ese derecho no es ilimitado. Es decir, no hay un derecho a poseer y portar cualquier arma de cualquier manera y para cualquier propósito. […] De esa forma quedó claro que el Estado está facultado para regular la posesión, portación y venta de las armas de fuego.
>
> Acorde con lo anterior, el Estado, mediante ese poder inherente de reglamentación y con el fin de promover una mayor seguridad y un mejor bienestar público para el Pueblo de Puerto Rico, aprobó [la Ley de Armas].

*Íd.* (citas omitidas). Véase, además, *Pueblo v. Rodríguez López et al.*, 210 DPR 752, 767-769 (2022).

Conforme a dicho poder de reglamentación, y con el propósito de unificar los requisitos para la concesión de licencias, el Estado aprobó - con anterioridad a la jurisprudencia federal citada – la *Ley de Armas de Puerto*

*Rico*, Ley Núm. 404-2000, según enmendada, 25 LPRA ant. sec. 455-460k. Posteriormente, este estatuto fue derogado mediante la aprobación de la *Ley de Armas de Puerto Rico de 2020*, Ley Núm. 168-2019, según enmendada, 25 LPRA 461- 467l (Ley de Armas de 2020).

C

La Ley de Armas de 2020[28] fue aprobada con el propósito de "salvaguardar y proteger los derechos de los ciudadanos americanos residentes en Puerto Rico." *J.H.V. v. Negociado de la Policía,* 2025 TSPR 139*,* 217 DPR ___ (2025). Mediate dicho estatuto, la Asamblea Legislativa estableció un esquema regulador para la posesión y portación de armas de fuego en Puerto Rico, y delegó en el Comisionado del Negociado de la Policía de Puerto Rico (Comisionado) la facultad de reglamentar y administrar el proceso de expedición, denegatoria y revocación de licencias.

Al respecto, los Artículos 2.01 al 2.16 de la Ley de Armas de 2020, 25 LPRA secs. 462-462o, regulan el procedimiento para la expedición de licencias de armas. En lo pertinente, el Art. 2.02 detalla los criterios que debe cumplir toda persona interesada en obtener una licencia. Entre estos requisitos, el inciso (a)(2) dispone que el solicitante deberá:

> (2) Tener un expediente negativo de antecedentes penales y **no encontrarse acusado** y pendiente o en proceso de juicio **por algunos de los delitos enumerados en el Artículo 2.09 de esta Ley o sus equivalentes**, tanto en Puerto Rico, como en cualquier jurisdicción de Estados Unidos, a nivel federal o en cualquier país extranjero.

25 LPRA sec. 462a. (Énfasis nuestro).

Según dispuso el Tribunal Supremo, una vez presentada una solicitud para la obtención de una licencia de armas, **la Oficina de Licencia de Armas está obligada a efectuar un cotejo electrónico del expediente de antecedentes penales de la o el solicitante**. *J.H.V. v. Negociado de la Policía,* 2025 TSPR 139*,* 217 DPR ___ (2025). Conforme al Art. 2.02 (d)(3) de la Ley de Armas de 2020, dicha evaluación debe

---

[28] Reiteramos que, según se desprende del expediente, el señor Arroyo Montalvo tramitó su solicitud de licencia de armas al amparo de la Ley de Armas de 2020. En consecuencia, procederemos a aplicar las disposiciones pertinentes de dicho estatuto.

efectuarse mediante **una investigación en los archivos digitales de cualquier agencia gubernamental de Puerto Rico**, de Estados Unidos o cualquier subdivisión política de este, de cualquier entidad extranjera o internacional a la que pueda tener acceso, incluidos los archivos del *National Crime Information Center* (NCIC), del *National Instant Criminal Background Check System* (NICS), el Sistema de Información de Justicia Criminal (SIJC-PR) y el Registro Criminal Integrado (RCI). 25 LPRA sec. 462a(d)(3). Si como resultado de la investigación se determina que la o el solicitante no cumple con todos los requisitos establecidos, la licencia no se expedirá. Art. 2.02 (d)(4), 25 LPRA sec. 462a.

Por su parte, el Art 2.09 de la citada Ley establece los fundamentos para rehusar expedir una licencia de armas. Conforme a dicha disposición, la Oficina de Licencias de Armas **no expedirá** licencia a persona alguna:

> […] que haya sido convicta en Puerto Rico, en cualquier otra jurisdicción estadounidense de **cualquier delito grave o su tentativa, por delito menos grave que conlleve violencia, por conducta constitutiva de violencia doméstica**, según tipificada en la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, o conducta constitutiva de acecho, según tipificada en la Ley 284-1999, según enmendada, ni por conducta constitutiva de maltrato de menores, según tipificada en la Ley 246-2011, según enmendada, "Ley para la Seguridad, Bienestar y Protección de Menores"[29]
>
> .     .     .     .     .     .     .     .
>
> Tampoco se expedirá licencia alguna a una persona declarada incapaz mental, ebrio habitual o adicto al uso de sustancias controladas por un tribunal con jurisdicción ni a persona alguna que haya sido separada bajo condiciones deshonrosas de las Fuerzas Armadas de Estados Unidos, **ni a ninguna persona que haya sido convicta por alguna violación a las disposiciones de esta Ley o de las anteriores Leyes de Armas**; o se revocará la licencia expedida si la persona adviniera cualquiera de estas circunstancias.

25 LPRA sec. 462h. (Énfasis nuestro).

C

La Ley Núm. 254-1974[30] faculta a la Policía de Puerto Rico a expedir certificaciones que contengan una relación de las sentencias condenatorias

---

[29] La alusión a la Ley Núm. 246-2011 fue derogada y sustituida por la Ley Núm. 57-2023.

[30] Ley Núm. 254 de 27 de julio de 1974, según enmendada, conocida como *Ley para autorizar a la Policía de Puerto Rico la expedición de certificados de antecedentes penales,* 34 LPRA sec. 1725-1725e.

que aparezcan en el expediente de un ciudadano, así como cualquier otra denuncia que obre en los expedientes policiacos y se encuentre pendiente de adjudicación. *Exposición de Motivos*, Ley Núm. 254-1974, 34 LPRA sec. 1725. A su vez, mediante sus disposiciones, el estatuto provee para que la Policía elimine las convicciones de dichos certificados de antecedentes penales.

En lo pertinente, el Art. 4 de la Ley Núm. 254-1974 dispone que, una persona que haya sido convicta por un delito grave puede solicitar al foro de primera instancia una orden para eliminar la convicción, siempre y cuando cumpla con varios requisitos; a decir: (a) que hayan transcurrido cinco (5) años desde que cumplió la sentencia y durante ese tiempo no haya cometido delito alguno; (b) que goce de buena reputación en la comunidad; y, (c) que se haya sometido a la muestra requerida por la Ley del Banco de ADN, de estar sujeta a ello. 34 LPRA sec. 1725a-2.

El referido Art. 4 exceptúa de dicha norma a toda persona sujeta al *Registro de personas convictas por delitos sexuales violentos y abuso contra menores* o al *Registro de personas convictas por corrupción.* Íd.

En *J.H.V. v. Negociado de la Policía,* 2025 TSPR 139*,* 217 DPR___ (2025), el Tribunal Supremo expresó que, a pesar de que la Ley Núm. 254-1974 permite la eliminación de condenas del certificado de antecedentes penales, ni ese estatuto ni la Ley de Armas de 2020, disponen que dicha eliminación confiere, por sí sola, el derecho a obtener una licencia de armas. Asimismo, reiteró que el Negociado "tiene la obligación de denegar una licencia de armas si de los registros investigados se desprende que existen condenas en contra de la persona solicitante." *Íd.* Ello responde al deber ministerial del Negociado de evaluar si quien solicita la licencia reúne los requisitos legales y posee la capacidad mental y emocional necesaria para su concesión.

III

Por estar intrínsecamente relacionados, discutiremos los cuatro (4) señalamientos de error en conjunto.

En su recurso, el señor Arroyo Montalvo sostiene que el Tribunal de Primera Instancia erró: (1) al permitir que el Negociado utilizara antecedentes penales eliminados, (2) al validar una aplicación automática de la Ley de Armas sin un análisis individualizado, (3) al no reconocer que la convicción fue reclasificada como delito menos grave, y, (4) al dar más peso a la base de datos administrativa que al récord judicial oficial. No le asiste la razón.

La controversia medular consiste en determinar si el señor Arroyo Montalvo cumple con los requisitos establecidos para la expedición de una licencia de armas, tras el Negociado realizar la investigación electrónica exigida por ley. En suma, la parte apelante arguye que la eliminación de sus antecedentes penales y la supuesta recalificación del delito impedían que dichas convicciones fueran consideradas al evaluar su solicitud.

De entrada, resulta determinante lo resuelto por el Tribunal Supremo de Puerto Rico en *J.H.V. v. Negociado de la Policía,* 2025 TSPR 139, 217 DPR__ (2025). Allí se resolvió expresamente que la presentación de un certificado negativo de antecedentes penales no confiere automáticamente el derecho a obtener una licencia de armas, pues dicho certificado constituye solo uno de varios criterios que se deben satisfacer.

Por su parte, la Ley de Armas de 2020 impone al Negociado el deber ministerial de realizar un cotejo electrónico en diversas bases de datos oficiales. En ese sentido, aunque la Ley Núm. 254-1974 permite la eliminación de convicciones del certificado de antecedentes penales, dicha eliminación no suprime el hecho histórico de las convicciones, ni impide que las agencias consideren la información que surja de los sistemas de búsqueda. El estatuto exige ese cotejo y dispone que, si como resultado de esa investigación surge que el solicitante incurre en alguno de los impedimentos enumerados en el Art. 2.09 de la Ley de Armas de 2020, la licencia no se expedirá.

Surge del expediente que el señor Arroyo Montalvo fue convicto en el 1998 por una infracción al Art. 7 de la Ley de Armas del 1951, y en el

2002, por una infracción al Art. 2.8 de la Ley Núm. 54. Si bien el apelante obtuvo la eliminación de sus antecedentes penales y se le expidió un certificado negativo, ello no impedía que el Negociado examinara la información que surgía de los sistemas oficiales del Gobierno de Puerto Rico.

En el presente caso, al evaluar la solicitud del señor Arroyo Montalvo, el Negociado realizó la investigación electrónica requerida y de los archivos digitales surgían convicciones por infracción a la Ley de Armas anterior, y por conducta constitutiva de violencia doméstica. Tales infracciones están expresamente descritas en el estatuto como causales para denegar la expedición de la licencia de armas. La ley no condiciona el impedimento a que el delito sea grave, ni excluye la tentativa en casos de violación a las disposiciones de la Ley Núm. 54. La prohibición se activa por la naturaleza de la infracción, no por su clasificación posterior.

Dicho esto, la denegatoria no respondió a un criterio arbitrario ni a una aplicación automática e irrazonable, sino al cumplimiento de un impedimento expresamente dispuesto por el legislador. Ante estos hechos no controvertidos, no puede sostenerse que haya mediado violación estatutaria o constitucional, ni que se le haya dado preferencia a una fuente probatoria sobre otra. El proceso de evaluación de una solicitud de licencia de armas exige precisamente la verificación electrónica que aquí se realizó. El Negociado carecía de discreción para concederle una licencia de armas al señor Arroyo Montalvo.

Por todo lo anterior, concluimos que no se cometieron los errores señalados por el apelante. El foro primario actuó conforme a derecho al validar la actuación del Negociado.

IV

Conforme a los hechos y el derecho antes expuestos, este Tribunal **confirma** la *Sentencia* emitida y notificada el 26 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Utuado.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones